# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PAUL ALLEN ADAMS,

     Petitioner,

v.

RANDALL HEPP,

     Respondent.

Case No. 17-CV-713-JPS

**ORDER**

## 1.   INTRODUCTION

Petitioner Paul Allen Adams ("Adams") filed a petition for writ of *habeas corpus* on May 19, 2017. (Docket #1). Magistrate Judge William E. Duffin screened Adams' petition and found that he could proceed. (Docket #5). On September 14, 2017, Respondent moved to dismiss Adams' petition. (Docket #27). The motion is now fully briefed. (Response, Docket #33; Reply, Docket #34). For the reasons explained below, Adams' petition must be dismissed as procedurally defaulted.

## 2.   BACKGROUND

In March 2009 and July 2010, Adams was convicted, *inter alia*, of his fifth and sixth offenses for operating a motor vehicle while intoxicated ("OWI"). *See State of Wisconsin vs. Paul A. Adams*, 2008-CF-992 and 2010-CF-487, *available at*: https://wcca.wicourts.gov. While on supervision for those convictions, Adams committed his seventh OWI offense. (Docket #1-1 at 7). This prompted his probation officer to seek revocation. *Id.* A revocation hearing was held in May 2014, and Adams appeared with counsel. *Id.* at 80. Adams' supervision was revoked by the presiding administrative law judge ("ALJ"). *Id.* at 81-84.

Adams appealed the ALJ's ruling to the Division of Hearings and Appeals, which in June 2014 sustained the ALJ's decision. *Id.* at 78-79. Adams then filed a petition for a writ of certiorari in state court. The circuit court denied Adams' request for a writ in June 2015, concluding that the decisions below were not arbitrary and that most of Adams' arguments were inappropriate in a certiorari action. *Id.* at 87-96.

Adams appealed the circuit court's ruling. He raised only one argument on appeal: that he was denied due process in the revocation hearing. *Id.* at 14, 60-74. The Court of Appeals rejected Adams' appeal, finding that he had waived his due process challenge by failing to object to the allegedly deficient process during the revocation hearing. *Id.* at 16-17.

Adams' instant habeas petition raises four separate grounds for relief. First, he alleges that his due process rights were violated in the revocation hearing because he was not provided the evidence which was used against him prior to the hearing ("Ground One"). (Docket #1 at 6-7). Second, Adams asserts a violation of the Confrontation Clause of the Sixth Amendment, in that certain hearsay statements were admitted at the hearing ("Ground Two"). *Id.* at 7-8. Third, Adams claims that the ALJ and the Division of Hearings and Appeals (and possibly others, it is not clear) were not impartial in their decision making ("Ground Three"). *Id.* at 8. Fourth, he argues that he was afforded ineffective assistance of counsel at the revocation hearing ("Ground Four"). *Id.* at 9.

3.  **STANDARD OF REVIEW**

The federal habeas corpus statute "permits a federal court to entertain only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States.'" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing 28 U.S.C. § 2254(a)). "As

amended by [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")], 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Id.* As a result, the Court may grant a writ of *habeas corpus* only if the state court's decision with respect to that claim was: (1) "contrary to . . . clearly established federal law, as determined by the Supreme Court of the United States"; (2) "involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1–2); *see also Conner v. McBride*, 375 F.3d 643, 648-49 (7th Cir. 2004).

4.  ANALYSIS

The Court cannot reach the merits of any of Adams' grounds for relief because he has procedurally defaulted on each of them. The Seventh Circuit has provided recent instruction on procedural default:

> Procedural defaults take several forms, but two are paradigmatic. On the one hand, a claim might be procedurally defaulted when a petitioner fails to "fairly present" his claim to the state courts, regardless of whether he initially preserved it with an objection at the trial level. To fairly present his federal claim, a petitioner must assert that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings. The complete round requirement means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. On the other hand, a claim might be procedurally defaulted through a petitioner's initial failure to preserve it with an objection, even if the petitioner later does attempt to present it for review. "[W]hen a state court refuses to reach the merits of a petitioner's federal claims because they were not raised in

accord with the state's procedural rules (*i.e.*, because the petitioner failed to contemporaneously object), that decision rests on independent and adequate state procedural grounds." [*Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010).]

*Richardson v. Lemke*, 745 F.3d 258, 268-69 (7th Cir. 2014) (citations omitted).

As to the first iteration, "fair presentment" requires that the petitioner fully present his federal claims to the state courts, giving the state courts a meaningful opportunity to pass on them. *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006). The factual and legal substance of what the petitioner presents to the federal and state courts must remain similar. *Id.* This iteration defeats Grounds Two, Three, and Four. Adams did not present any of those issues to the Wisconsin Court of Appeals. Because Adams did not allow fair consideration of those grounds in the Wisconsin courts, this Court must dismiss them from this action.

As to the second form of procedural default, "[w]hen the last state court to issue an opinion on a petitioner's federal claim has resolved that claim on an adequate and independent state ground, federal habeas review of the claim is foreclosed." *Miranda v. Leibach*, 394 F.3d 984, 991 (7th Cir. 2005). This generally arises when "the petitioner failed to comply with a state procedural rule and the state court relied on that procedural default to refrain from reaching the merits of the federal claim." *Id.* at 991-92.

Ground One at least arguably survives the first form of procedural default, but not the second. In the context of administrative hearings, the Wisconsin Supreme Court holds that "to preserve an issue for judicial review, a party must raise it before the administrative agency." *State v. Outagamie County Board of Adjustment*, 628 N.W.2d 376, 390 (Wis. 2001). Failure to do so "generally constitutes a waiver of the right to raise the issue

before a reviewing court." *Id.* The Wisconsin Court of Appeals enforced that rule against Adams, finding that he had waived his sole argument on appeal by failing to raise it in the revocation hearing. This holding was based on state law independent of Adams' due process concerns, and was adequate to support the Court of Appeals' decision to affirm the circuit court. Ground One, like the other grounds, is subject to procedural default.

The Court has not yet discussed Adams' arguments because those he offered are irrelevant. Adams' two-page response to the motion to dismiss is largely focused on the merits of his petition. (Docket #33 at 1). He suggests that he "did his best" to support Ground One with an objection at the revocation hearing, but the Court cannot consider such an argument. *Id.* at 1-2. This issue was before the Wisconsin Court of Appeals, which rejected it on procedural grounds. This Court cannot reconsider that decision.

Finally, Adams' procedural defaults may have been excused if he could establish equitable grounds therefore. These include proving "[1] cause for and prejudice stemming from that default, or, . . . [2] that the denial of relief will result in a miscarriage of justice[.]" *Blackmon v. Williams*, 823 F.3d 1088, 1099 (7th Cir. 2016). Despite these grounds being raised in Respondent's brief, (Docket #28 at 6-7), Adams makes no attempt to raise them in his response, *see generally* (Docket #33). The Court will not do so for him.

5. **CONCLUSION**

For the reasons stated above, Respondent's motion to dismiss must be granted. Still, under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Adams must make a

"substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court discussed above, reasonable jurists would not debate whether the petition should have been resolved in a different manner. As a consequence, the Court is further compelled to deny a certificate of appealability as to Adams' petition.

Finally, the Court closes with some information about the actions that Adams may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil

Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Respondent Randall Hepp's motion to dismiss (Docket #27) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner Paul Allen Adams' petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to the petitioner Paul Allen Adams' petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of October, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge